GRANT PARKER

v.

J. D. FOSTER.

*Replevin—Safe—Evidence.*

In an action of replevin brought to recover a safe, this court holds that the judgment for plaintiff is not sustained by the evidence as between the parties, the right of possession being in the defendant.

[Opinion filed January 10, 1889.]

Parker v. Foster.

APPEAL from the County Court of Richland County; the Hon. THEODORE A. FRITCHEY, Judge, presiding.

Mr. W. F. FOSTER, for appellant.

No appearance for appellee.

REEVES, J.   This was an action of replevin to recover the possession of a safe, brought by appellee.   It is conceded that neither appellant nor appellee owned the safe.   It belonged to one Starr.   Starr came to the house of appellee on the 24th day of February, 1888, with a team, wagon and the safe in controversy, and stated that he was going to his home and asked appellee to take care of his team, wagon and safe while he was gone.   When Starr went to the train, appellee went with him.   Appellee went into the office of appellant at the station and said to him, " I am agent for a money safe; have a sample safe in my care; the owner is going away to be gone thirty days; don't you think it would be a nice thing to have here in the office while the owner is gone ? "

The appellant replied, " Yes; ask the owner's permission to bring the safe to the office, and leave it here until he returns."   Appellee went to Starr and told him what appellant had said, and Starr said, " Yes; bring it to the office."   Appellee then took Starr into appellant's office and introduced him to appellant, and appellee told appellant that Starr said, " we might bring the safe to the office and keep it there while he was gone."   Starr then said, " Yes, go and bring the safe and put it in the office."   This is appellee's account of what transpired in reference to the bringing of the safe to appellant's office.

Appellant testified as follows: " On the morning of the 25th of February last, Parker came to my office and stated he was agent for a safe ; asked him whose safe it was, and he replied a man by the name of Starr.   Parker said Starr was going away, and asked me if I did not think it would be a nice thing to have in the office while Starr was gone; that he would be gone about thirty days.   I said yes; ask him if we

can bring it here. Parker said no, you ask him; and I said where is he? And Parker said he is in the other room. I requested Parker to bring him in. Parker did so. I asked him if he had any objection to bringing the safe to my office and keeping it there until he came back, and Starr said, none whatever. I think Parker and 1 both asked him this question simultaneously. Starr said, in a general way, go and bring the safe down here and put it in the office. Starr said to me, you use the safe and take good care of it until I return." He says afterward Starr told him "to go and get the safe and put it in the office, and keep it and use it until he returned, which he thought would be in about thirty days; that he was sorry he did not have time to go and change the combination for me, but instructed me how to change it. He then took a key out of his pocket and gave it to me, stating it was the key to the iron box inside the safe, which I found to be correct."

J. H. Farnerworth, who heard the conversation between appellee, appellant and Starr, testified substantially as does appellant.

The safe was brought and placed in the office of appellant, and he continued to use it until it was replevied by appellee.

Upon this evidence the court below found the issues for appellee. Taking appellee's own testimony, we do not think he established any right to the possession of the safe. By his own testimony it appears that Starr directed the safe to be brought to appellant's office, and there to remain until his (Starr's) return. As against appellee, we think appellant had the clear right to the possession of the safe. Upon the whole evidence there is not room for a possible doubt on this point.

The judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*